IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


KEITH RUSSELL JUDD,                    :

    Plaintiff,                         :

vs.                                    :   CIVIL ACTION 11-0282-KD-M

SECRETARY OF STATE OF ALABAMA,         :
et al.,
                                       :
    Defendants.

REPORT AND RECOMMENDATION

    This § 1983 action, filed by an Alabama prison inmate proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.[1]  It is recommended, for reasons set forth below, that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

    Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

---

[1] Plaintiff filed a Motion for leave to proceed *in forma pauperis* (Doc. 2) contemporaneously with his Complaint, but it was not on the Court's required form. The Motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED** for that reason and in light of the Report and Recommendation.

> action or appeal in a court of the
> United States that was dismissed on the
> grounds that it is frivolous,
> malicious, or fails to state a claim
> upon which relief may be granted,
> unless the prisoner is under imminent
> danger of serious physical injury.

During the screening of this action under 28 U.S.C. §
1915(e)(2)(B), the Court discovered that more than three actions
have been dismissed as frivolous, malicious, or for failure to
state a claim upon which relief can be granted, as follows: *Judd
v. United States of America*, No. 1:06-CV-14257 (S.D.N.Y. Dec. 8,
2006)(dismissed as frivolous); *Judd v. United States of America*,
No. 6:00-CV-24 (N.D. Tex. March 21, 2000)(describing Judd's
filing as "malicious" and listing additional appealed dismissed
as frivolous); *Judd v. Federal Election Commission*, No. 1:08-CV-
1290 (D.C. D.C. July 28, 2008)(dismissed as frivolous); *Judd v.
United States of America et al.*, 1:00-cv-00328-CB-C (S.D. Ala.
Dec. 1, 2000)(determined the action was frivolous); *see also
Judd v. University of New Mexico*, 204 F.3d 1041, 1044 (10th Cir.
2000)(due to Judd's abusive litigation "[b]oth the United States
Supreme Court and the Fifth Circuit have imposed filing
restrictions . . . Judd."). Thus, Plaintiff has the dismissals
that qualify the present Complaint for treatment under §
1915(g).

In order to avoid the dismissal of the present action
pursuant to § 1915(g), Plaintiff must satisfy the exception to

§ 1915(g), which requires that at the time of the Complaint's filing, he must show that he was "under imminent danger of serious physical injury." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *see Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001).  Thus, in order satisfy the exception to § 1915(g), Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (quotation and quotation marks omitted) (unpublished) (Granade, C.J.).[2]  Plaintiff has not done this.

---

[2]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

In reviewing the Complaint's allegations (Doc. 1), it is clear that Plaintiff was not under imminent danger of serious physical injury at the time he filed the Complaint.  In the Complaint, Plaintiff claims that the State and Secretary of State denied his placement on the Presidential Primary Election and/or General Election Ballot Placement since 1994 (Doc. 1, p. 1).  Plaintiff makes multiple requests for relief, namely, that he be placed on the State's 2012 ballot for the Democratic Presidential Primary Election, even though the State has denied his ballot placement in advance (Doc. 1, pp. 1-2).  None of the allegations in Plaintiff's complaint indicate that he faced an imminent danger of serious physical injury at the time the complaint is filed (*see* Doc. 1).

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee *at the time he filed this action*, Plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).  Therefore, it is recommended

4

that this action be dismissed without prejudice pursuant to 28

U.S.C. § 1915(g).

           MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
              AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
               AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a de novo
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C);
Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v.
Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

               A party may object to a recommendation
               entered by a magistrate judge in a
               dispositive matter, that is, a matter
               excepted by 28 U.S.C. § 636(b)(1)(A), by
               filing a "Statement of Objection to
               Magistrate Judge's Recommendation"
               within ten days[3] after being served with
               a copy of the recommendation, unless a
               different time is established by order.
               The statement of objection shall
               specify those portions of the
               recommendation to which objection is
               made and the basis for the objection.
               The objecting party shall submit to the
               district judge, at the time of filing
               the objection, a brief setting forth
               the party's arguments that the
               magistrate judge's recommendation should
               be reviewed de novo and a different
               disposition made.  It is insufficient

_____

     [3]Effective December 1, 2009, the time for filing written
objections was extended to "14 days after being served with a
copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

to submit only a copy of the original
brief submitted to the magistrate
judge, although a copy of the original
brief may be submitted or referred to
and incorporated into the brief in
support of the objection.  Failure to
submit a brief in support of the
objection may be deemed an abandonment
of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   <u>Transcript (applicable where proceedings tape recorded)</u>.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 1st day of September, 2011.

s/ Bert W. Milling, Jr. _____
BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE