IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KEITH RUSSELL JUDD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION 11-0282-KD-M |
| | ) |
| **SECRETARY OF STATE OF ALABAMA,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on plaintiff Keith Russell Judd's motion for relief from judgment or order (doc. 15) which the Court construes[1] as brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  Upon consideration and for the reasons set forth herein, the motion is denied.

Rule 60 requires that a Rule 60(b)(6) motion shall be made within a reasonable time.  On September 13, 2011, this Court adopted the report and recommendation of the Magistrate Judge to dismiss plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(g) and entered judgment. (Docs. 3,5,6)  Plaintiff had filed more than three actions that had been dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted[2] and he failed to show he was in imminent danger of serious physical injury.

Assuming for purpose of this order that plaintiff filed his motion for relief within a reasonable time, he has failed to show the extraordinary circumstances necessary to obtain the

---

[1]  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1159-1160 (11th Cir. 2003) *quoting Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) (*per curiam*).

[2]  The Magistrate Judge cited five separate civil actions. (Doc. 3).

relief he seeks. The Court of Appeals for the Eleventh Circuit has explained that "[t]his remedy . . . is intended 'only for extraordinary circumstances.'" *Olmstead v. Humana, Inc*. 154 Fed.Appx. 800, 805 (11th Cir. 2005) (quoting *Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1316 (11th Cir.2000)). Therefore, plaintiff "must do more than show that a grant of [his] motion might have been warranted" and "must demonstrate a justification for relief so compelling that the district court was *required* to grant [the] motion." *Olmstead*, 154 Fed.Appx. at 805-806 (quoting *Rice v. Ford Motor Co.,* 88 F.3d 914, 919 (11th Cir.1996) (emphasis in original)).

In this circumstance, plaintiff's complaint was dismissed without prejudice on procedural grounds. His complaint would not have been dismissed if he had shown that he was in imminent danger of serious physical injury. He did not do so at that time and does not do so now. Instead, plaintiff raises arguments which may have been appropriate had his complaint been dismissed on the merits. Thus, he has failed to "demonstrate a justification for relief so compelling that the district court was required to grant [the] motion." *Id.* at 806. Accordingly, his motion is DENIED.

DONE this 12th day of September 2012.

 s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE